DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Chester Simons and E.Z. Tom's Wholesale, appeal from the judgment of the Akron Municipal Court. This Court affirms.
 I. {¶ 2} On November 20, 2007, Appellee, The Waterstone Company, dba The Exchange Money Center ("Waterstone"), filed a complaint in Akron Municipal Court against Efrem Twitty, and Appellants, Chester Simons and E.Z. Tom's Wholesale (collectively referred to as "Tom's Wholesale"). In its complaint, Waterstone alleged that Efrem and Simons owed it $850 for a check drawn on Tom's Wholesale payable to Twitty that Waterstone had cashed for Twitty on October 19, 2007.
 {¶ 3} The case proceeded to a trial before a magistrate on March 10, 2008. On March 31, 2008, the magistrate issued a decision including findings of fact and conclusions of law, in *Page 2 
favor of Waterstone. Tom's Wholesale filed no objections to the magistrate's decision. On April 15, 2008, the trial court adopted and approved the magistrate's decision.
 {¶ 4} Tom's Wholesale appealed from this judgment. It has raised one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ADOPTED AND APPROVED A MAGISTRATE['S] REPORT WHICH FAILED TO CONSIDER THE STATUTORY DEFENSE [R.C. 1303.35] TO A HOLDER IN DUE COURSE OF THE `ILLEGALITY OF THE TRANSACTION THAT, UNDER OTHER LAW, NULLIFIES THE OBLIGATION OF THE OBLIGOR' WHEN IT WAS RAISED BY THE EVIDENCE."
 {¶ 5} In Tom's Wholesale's sole assignment of error, it argues that the trial court committed reversible error when it adopted and approved the magistrate's decision which failed to consider the statutory defense to a holder in due course of the "illegality of the transaction" that nullifies the obligation of the obligor.
 {¶ 6} At the outset, we note that on March 31, 2008, the magistrate issued a decision, including findings of fact and conclusions of law, in favor of Waterstone. Tom's Wholesale filed no objections to the magistrate's decision. On April 15, 2008, the trial court adopted and approved the magistrate's decision.
 {¶ 7} Under Civ. R. 53(D)(3)(b)(iv)
 "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." *Page 3 
 {¶ 8} Tom's Wholesale has raised plain error on appeal. However, the plain error doctrine is applicable in civil cases only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process[.]" Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 123. As the face of the decision shows no defect or other error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process," the trial court did not err in adopting the decision of the magistrate. Id. Tom's Wholesale's sole assignment of error is overruled.
 III {¶ 9} Tom's Wholesale's assignment of error is overruled and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 4 
Costs taxed to Appellants.
WHITMORE, J. DICKINSON, J. .Concur. *Page 1